Edward A. MORE, Executor of the
Estate of Elinore D. MORE

vs.

THE UNITED STATES FIDELITY &
GUARANTY CO. & another[1]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

November 28, 1980

Alfred J. Monahan for the plaintiff.
Charles W. Brids for the defendant.

Present: Mullaney, J., Cimini, J.,* Walsh, P.J.

MULLANEY, J. This is an action of contract in which the plaintiff seeks to recover damages under two separate Massachusetts automobile insurance policies issued by the defendants, The United States Fidelity & Guaranty Co. (U.S.F.&G.) and Liberty Mutual Insurance Company (Liberty). The damages are based upon medical and funeral expenses which were incurred for the treatment and subsequent burial of the plaintiff's testator, who had sustained personal injuries in a motor vehicle accident.

The court found for the plaintiff and assessed damages in the sum of $1,000.00 against U.S.F.&G. and $590.00 against Liberty. Judgment against U.S.F.&G. has been satisfied.

This appeal by Liberty raises three issues. The first two deal with the applicability of the Liberty's Coverage D, Medical Payments Coverage, which it is agreed, is excess over the U.S.F.&G. coverage.

The third issue is whether Liberty is entitled to disclaim liability because of the plaintiff's failure to comply with the policy requirement that "the injured person or someone on his behalf" provide the company with certain information "as soon as practicable." If Liberty is entitled to disclaim that would be dispositive of the case and the other issues need not be dealt with.

We hold that Liberty is entitled to disclaim liability.

The case was submitted on a statement of agreed facts including the following which

*Judge Frank Cimini sat on the panel and heard arguments in this case but had retired prior to the signing of this Opinion.

[1] Liberty Mutual Insurance Company

are summarized. The plaintiff's testate was killed in an automobile accident on July 15, 1971. Suit on the death claim was brought by the plaintiff against the operator of the car (insured by U.S.F.&G.) in which the deceased was riding and a third party on April 3, 1972. The suit was settled on or before October 21, 1975 and releases were executed October 30, 1975. The husband of the deceased had a motor vehicle (not involved in this accident) which was insured by a policy with Liberty providing Coverage D, Medical Payments Coverage, which is excess coverage over the U.S.F.&G. coverage. The plaintiff had expenses which exceeded the coverage provided by U.S.F. & G. No notice of claim or claim was ever made to Liberty by the plaintiff until December 29, 1975.

Liberty relies on the provisions of its policy that no action shall lie (subject to exceptions not applicable here) until all provisions of the policy have been complied with including written notice "as soon as practicable." In Brackham v. American Employers' Insurance Company, 349 Mass. 767 (1965) the court, in a rescript opinion, upheld a trial judge's ruling that the insured failed to comply with the requirement that notice be given "as soon as practicable," where the insured gave notice to the insurer forty days after the former had notice of the occurrence. In Spooner v. General Accident Fire and Life Assurance Corporation, Ltd., __Mass. __ (1979)[a], the court held that notice twelve months and five days after the accident was not "as soon as practicable."

G.L. c. 175, sec. 112 now provides in part that late notification by an insured will not permit denial of coverage by an insurer "unless the insurance company has been prejudiced thereby." But this was enacted in 1977, seven years after the accident and two years after the claim was made to Liberty. In the Spooner case the court stated at __,[b] that it would "decline to engage in retroactive revision of the common law as it existed prior to the 1977 statutory amendment."

Holding as we do that the insurer was entitled to disclaim liability because the notice requirement of the policy was not complied with, the judgment for the plaintiff is vacated and judgment is to enter for the defendant, Liberty.

**So ordered.**
**Paul Mullaney, J.**
**William Walsh, P.J.**

---

[a]Mass. Adv. Sh. (1979) 2657 at 2658.